CHIEF JUSTICE GRAY,
concurring.
¶51 I concur in the result reached by the Court, but not in the entirety of its analysis. Specifically, I do not agree with that portion of the Court’s approach which appears to simply ignore the fact that a corporation has a legal identity separate from that of its owners, and which treats Flat Center as though it were a sole proprietorship owned by an individual Indian, operating within the confines of the reservation, with the owner directly receiving the income from the business endeavor. My agreement with the Court’s result is based on a different, and much narrower approach to the present case.
¶52 I agree that situs is of great importance. But situs is not the sole factor, even under LaRoque, where we emphasized the necessity that situs on a reservation and status as an Indian (an individual Indian, in that case) must coalesce. As a result, I agree with much of the dissent’s analysis of the importance of recognizing both the factual differences between a corporate identity and an individual, and the legal consequences which ordinarily would flow from those differences. Were it not for an odd anomaly in this case, I would join the dissent.
¶53 Instead, however, I concur in the result reached by the Court because the State stipulated in the District Court to the fact that Flat Center is a tribally chartered corporation. While the stipulation included the additional fact that Flat Center did not become a tribally chartered corporation until after the tax year at issue in this case, the State did not argue in the District Court that, at the relevant times, Flat Center’s only corporate existence was pursuant to state law rather than tribal law. Had the State done so, I would have joined the dissent. On this record, however, it is my view that the State is bound by its stipulation, and I would not-and do not-consider any of its legal arguments that essentially attempt to change its position by “undoing” the stipulated fact which provides Flat Center with Indian status.
¶54 I concur in the result reached by the Court.